**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arturo Altamirano, | No. CV-19-01660-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Bodega Latina Corporation, | |
| Defendant. | |

At issue is Defendant Bodega Latina Corporation's Motion to Dismiss or Stay and Compel Arbitration (Doc. 17, Mot.), to which Plaintiff Arturo Altamirano filed a Response (Doc. 21, Resp.) and Defendant filed a Reply (Doc. 22, Reply).

In the Complaint (Doc. 1), Plaintiff raises a claim of discrimination on the basis of a disability under the Americans with Disabilities Act (ADA) against Defendant, his former employer. Defendant now moves to compel arbitration of Plaintiff's claim under an Arbitration Agreement between Defendant and Plaintiff.

To resolve a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, a district court must determine (1) whether the parties entered into a valid agreement to arbitrate, and (2) whether the arbitration agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If the district court finds that both elements are met, the FAA requires the court to enforce the arbitration agreement. *Id.*

The Arbitration Agreement proffered by Defendant includes a provision that Plaintiff agrees to "final and binding arbitration before a single, neutral arbitrator" as the

"exclusive remedy for any covered claim" against Defendant, where a covered claim includes wrongful termination or discrimination. (Doc. 17-1, Arbitration Agreement ¶ A.) Plaintiff signed the bottom of the English-language version of the Agreement waiving his right to a jury trial and consenting to arbitration, and he does not now argue that the Agreement, if valid, does not encompass the dispute in this lawsuit.

Because Plaintiff's native language is Spanish, Defendant avers that it provided him with a Spanish version of the Arbitration Agreement and explained it to him in Spanish at an orientation meeting. (*E.g.*, Doc. 17-2 at 2–3.) Although Plaintiff avers he did not receive the document in Spanish or attend an orientation (Doc. 21-1 at 2), he does not argue that the Agreement he signed is invalid because it is in English. Indeed, he avers that "[i]f it had been presented to me at the time, I would have signed the Spanish version of the Arbitration agreement." (Doc. 21-1 at 3.)

Instead, Plaintiff argues that the Arbitration Agreement is invalid because another employee of Defendant, Luis Trujillo, misled him. (Resp. at 3.) Specifically, Plaintiff avers that he asked Trujillo what papers he was signing, and Trujillo "explained to [him] that the papers they wanted [him] to sign were necessary to begin employment." (Doc. 21-1 at 2.) Because Plaintiff alleges that he "relied on the statement the papers were necessary for [him] to begin employment" (Doc. 21-1 at 2), Plaintiff argues that Trujillo's statement was a material misrepresentation that somehow invalidates the Agreement. (Resp. at 4.)

There is no evidence before the Court that Trujillo's statement was a misrepresentation, because the papers Plaintiff signed were a part of Defendant's employment package, and "necessary to begin employment." Thus, Plaintiff's argument that Trujillo misrepresented the papers to Plaintiff fails. Moreover, as the Court noted above, Plaintiff explicitly states that he "is not asking the Court to deny [Defendant's] Motion because the paper he signed is written in English." (Resp. at 4.) Thus, Plaintiff is left with no defense for the fact that he signed the Arbitration Agreement; for example, Plaintiff does not attempt to argue, cite legal authority, or demonstrate with facts that the Agreement was unconscionable. In signing the Agreement, Plaintiff had a responsibility to

read, understand and comply with its terms. *See Marchand v. Northrop Grumman Corp.*, 2017 WL 2633132, at *5–6 (N.D. Cal. June 19, 2017) (in applying analogous California common law, concluding that, because the plaintiff "does not contend her signature was fraudulently obtained, or was the result of overreaching or excusable neglect," the plaintiff's "signed acknowledgement is enforceable, and she cannot now rely on arguments that nobody told her to read the document prior to signing it; nobody told her she was giving up her right to a jury trial; or that the document contained 'legal words and phrases' that were not explained to her").

Defendant has demonstrated that the Arbitration Agreement between Plaintiff and Defendant is a valid agreement encompassing the dispute in this lawsuit. Accordingly, under the FAA, the Court must compel the parties to arbitrate their dispute. Section 3 of the FAA provides that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Here, Defendant asked the Court to dismiss or stay this action, and Plaintiff made no request of the Court to stay this action pending the results of the arbitration. Thus, in compelling arbitration, the Court will in its discretion dismiss Plaintiff's claim against Defendant in this lawsuit.

IT IS THEREFORE ORDERED granting Defendant Bodega Latina Corporation's Motion to Dismiss or Stay and Compel Arbitration (Doc. 17). The parties are directed to promptly submit this matter to arbitration consistent with the terms of their Arbitration Agreement and the provisions of the Federal Arbitration Act.

IT IS FURTHER ORDERED dismissing Plaintiff's claim against Defendant in this lawsuit.

IT IS FURTHER ORDERED directing the Clerk to enter judgment and close this this case.

Dated this 20th day of August, 2019.

Honorable John J. Tuchi
United States District Judge